UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


THOMAS EDWARD KOTEWA #413696,

    Plaintiff,

v.                                  3:07-cv-272

PAUL WHITE, AVERY JOHNSON,
and BONNIE BOWIE,

    Defendants.


**MEMORANDUM AND ORDER**


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Whiteville Correctional Facility in Whiteville, Tennessee. His complaint concerns certain conditions of his confinement in the Anderson County Detention Facility. The defendants are Anderson County Sheriff Paul White, Captain Avery Johnson, and Lieutenant Bonnie Bowie. Plaintiff alleges that he was denied unrecorded telephone access to his attorney, denied access to law books, and denied access to legal photocopies. According to plaintiff, he was denied access to the court based upon the foregoing. Plaintiff seeks only injunctive relief, however, and does not seek any money damages.

As noted, plaintiff is no longer confined in the Anderson County Detention Facility. He is now in the custody of the Tennessee Department of Correction and housed at the Whiteville Correctional Facility. Plaintiff's claim for injunctive relief is therefore moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that plaintiff can prove no set of facts which would entitle him to relief at this time. *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983),. Therefore, this action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Whiteville Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further

**DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

s/ Thomas W. Phillips<br>United States District Judge